THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

8

9 | JOHN MARTIN RALLS, III,                     No. C16-0007JLR

10 |                    Plaintiff,            FACEBOOK, INC.'S AND MARK
                                             ZUCKERBERG'S MOTION TO DISMISS
11 |          v.
                                             NOTE FOR MOTION CALENDAR:
12 | FACEBOOK, et al.,                        Friday, August 26, 2016

13 |                    Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO DISMISS
(No. C16-0007JLR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

`

## TABLE OF CONTENTS

PAGE

I.    INTRODUCTION ..................................................................................................... 1
II.   BACKGROUND FACTS ......................................................................................... 2
III.  ARGUMENT ........................................................................................................... 3

    A.    The Court should dismiss Plaintiff's claims for lack of personal
           jurisdiction. ........................................................................................................ 3

    B.    Plaintiff does not state a claim on which relief may be granted. ........................... 6

           1.    Plaintiff fails to state a claim under the Federal Civil Rights Act ............. 6

           2.    Plaintiff fails to state a breach of contract claim ....................................... 9

    C.    Plaintiff's claims against Facebook are barred by the CDA. ............................... 10

           1.    The First Amendment bars Plaintiff's claims. ......................................... 14

IV.  CONCLUSION ....................................................................................................... 15

MOTION TO DISMISS
(No. C16-0007JLR) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

CASES

4

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...............................................................................................6

5

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.,*
    134 S. Ct. 568 (2013) ............................................................................................5

6

*Barnes v. Yahoo, Inc.,*
    570 F.3d 1096 (9th Cir. 2011) ............................................................................13

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ...............................................................................................6

*Caraccioli v. Facebook, Inc.,*
    ___ F. Supp. 3d ___, 2016 WL 859863 (N.D. Cal. Mar. 7, 2016) ...................10, 11

*Coto Settlement v. Eisenberg,*
    593 F.3d 1031 (9th Cir. 2010) .............................................................................3

*Daimler AG v. Bauman,*
    134 S. Ct. 746 (2014) ............................................................................................4

*Datel Holdings Ltd. v. Microsoft Corp.,*
    712 F. Supp. 2d 974 (N.D. Cal. 2010) ................................................................3

*E.K.D. ex rel. Dawes v. Facebook,*
    Inc., 885 F. Supp. 2d 894 (S.D. Ill. 2012) ...........................................................6

*e360Insight, LLC v. Comcast Corp.,*
    546 F. Supp. 2d 605 (N.D. Ill. 2008) .............................................................11, 14

*Fair Hous. Council of San Fernando Valley v. Roommates.Com,*
    LLC, 521 F.3d 1157 (9th Cir.2008) ...............................................................11, 12

*Fraley v, Facebook, Inc.,*
    830 F. Supp. 2d 785 (N.D. Cal. 2011) ..............................................................12

*Franklin v. Facebook, Inc.,*
    No. 1:15-CV-00655, 2015 WL 7755670 (N.D. Ga. Nov. 24, 2015) .....................5

*Fteja v. Facebook, Inc.,*
    841 F. Supp. 2d 829 (S.D.N.Y. 2012) .............................................................3, 6

MOTION TO DISMISS
(No. C16-0007JLR) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Gaston v. Facebook, Inc.*,
  2012 WL 629868 (D. Or. Feb. 2, 2012)........................................................12

*Goddard v. Google, Inc.*,
  2008 WL 5245490 (N.D. Cal. Dec. 17, 2008) ...........................................10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  -- U.S. --, 131 S. Ct. 2846 (2011) ...............................................................4

*Gullen v. Facebook.com, Inc.*,
  No. 15 C 7681, 2016 WL 245910 (N.D. Ill. Jan. 21, 2016) .......................5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984)......................................................................................3

*Hurley v. Irish-American Gay, Lesbian, & Bisexual Group of Boston*,
  515 U.S. 557 (1995)....................................................................................15

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)......................................................................................3

*Keithly v. Intelius Inc.*,
  764 F. Supp. 2d 1257 (W.D. Wash. 2011)...................................................3

*Klayman v. Zuckerberg*,
  753 F.3d 1354 (D.C. Cir. 2014) ...........................................................11, 12

*Langdon v. Google Inc.*,
  474 F. Supp. 2d 622 (D. Del. 2007)......................................................11, 14

*Levitt v. Yelp! Inc.*,
  2011 WL 5079526 (N.D. Cal. Oct. 26, 2011).......................................12, 13

*Martinez v. Aero Carribean*,
  764 F.3d 1062 (9th Cir. 2014) ......................................................................4

*Miami Herald Publ'g Co. v. Tornillo*,
  418 U.S. 241 (1974)....................................................................................14

*Noah v. AOL Time Warner, Inc.*,
  261 F. Supp. 2d 532 (E.D. Va. 2003) .........................................7, 8, 11, 13

*Nw. Ind. Forest Mfrs. v. Dep't. of Labor and Industries*,
  78 Wash. App. 707 (Wash. App. Ct. 1995) ................................................9

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015) ..................................................................3, 4

MOTION TO DISMISS
(No. C16-0007JLR) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Riggs v. MySpace, Inc.*,
    444 Fed. Appx 986 (9th Cir. 2011)........................................................................12

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2002) .................................................................................5

*Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*,
    144 F. Supp. 3d 1088 (N.D. Cal. 2015) ............................................10, 11, 12, 13

*SmileCare Dental Grp. v. Delta Dental Plan of Cal. Inc.*,
    88 F.3d 780 (9th Cir. 1996) ...................................................................................6

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) .................................................................................3

*Weyer v. Twentieth Century Fox Film Corp.*,
    198 F.3d 1104 (9th Cir. 2000) ...............................................................................8

*Young v. Facebook, Inc.*,
    790 F. Supp. 2d 1110 (N.D. Cal. 2011) .........................................................7, 8, 10

*Young v. Facebook, Inc.*
    No. 5:10-cv-03579, 2010 WL 4269304 (N.D. Cal. Oct. 25, 2010) ......................10

*Zango, Inc. v. Kapersky Lab, Inc.*,
    No. C07-0807-JCC, 2007 WL 5189857 (W.D. Wash. Aug. 28, 2007), *aff'd*,
    568 F.3d 1169 (9th Cir. 2009) .......................................................................13, 14

*Zhang v. Baidu*,
    10 F. Supp. 3d 433 (S.D.N.Y. 2014)................................................................14, 15

*Ziegler v. Indian River County*,
    64 F.3d 470 (9th Cir. 1995) ...................................................................................3

**STATUTES**

28 U.S.C. § 1404(a) ...................................................................................................5

Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* .................................7, 8

Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*...................... passim

Communications Decency Act, 47 U.S.C. § 230................................................ passim

MOTION TO DISMISS
(No. C16-0007JLR) – iv

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**OTHER AUTHORITIES**

2

Facebook, Inc. Form 10-K, for period ending Dec. 31, 2015, available at
    https://investor.fb.com/financials/sec-filings-
    details/default.aspx?FilingId=11131970 .................................................................................2

Fed. R. Civ. P. 12(b)(2) ...........................................................................................................6

Fed. R. Civ. P. 12(b)(6) ........................................................................................................3, 6

U.S. Const. amend. I ......................................................................................................1, 2, 14

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO DISMISS
(No. C16-0007JLR) – v

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

`

1

# I.    INTRODUCTION

2     Plaintiff John Martin Ralls ("Plaintiff") alleges in his First Amended Complaint ("FAC")

3  that defendant Facebook, Inc. and its founder Mark Zuckerberg[1] discriminated against Plaintiff

4  by removing certain unidentified content that Plaintiff posted on Facebook.  This court dismissed

5  Plaintiff's original complaint on the grounds that it failed to state a claim, explaining that

6  Plaintiff "appears to allege violations of his … First Amendment right to freedom of speech" but

7  that "the First Amendment protects individuals only against government, not private,

8  infringements upon free speech rights."[2]  The FAC adds the United States of America as a

9  defendant while continuing to allege that Facebook violated Title II of the Civil Rights Act.

10  Plaintiff also alleges that Facebook should be held liable for breach of contract, based on actions

11  taken by Facebook took to remove content based on a determination that it was "hate speech."

12     Plaintiff's FAC fares no better than the original complaint.  As a threshold matter,

13  Plaintiff's claims against Facebook should be dismissed for lack of personal jurisdiction.

14  Plaintiff has not carried his burden of showing that Facebook or Zuckerberg are at home in this

15  district and thus do not have sufficient contacts in Washington state to give rise to general

16  jurisdiction over Plaintiff's claims.[3]

17     Separate and apart from the lack of jurisdiction, Plaintiff's claim that Facebook violated

18  Title II of the Civil Rights Act fails because Facebook is neither a state actor nor  a "place of

19  public accommodation" for purposes of Title II.  And even it was, Plaintiff does not allege that

20  the purported discrimination occurred on the basis of "race, color, religion, or national origin," as

21  required by Title II.  Plaintiff's new contract claim also fails because Plaintiff has not alleged the

22  elements of that claim: Plaintiff does not specify any duty arising from any particular contractual

23

24     _____

25     [1] While named as a defendant, the FAC contains no allegations against Defendant Zuckerberg  in his personal capacity and the FAC should therefore be dismissed as to Defendant Zuckerberg for this reason alone.
     [2] Dkt 8, at 3 (citations omitted).

26     [3] Facebook is a Delaware corporation with headquarters in California and Zuckerberg is a resident of California.

MOTION TO DISMISS
(No. C16-0007JLR) – 1

provision, let alone that Facebook breached such duty when it removed content posted by Plaintiff and limited his access to Facebook's services.

Further, the Communications Decency Act, 47 U.S.C. § 230 ("CDA"), immunizes Facebook from liability arising out of its decisions to remove third party content from its service, regardless of its reasons for doing so.  The First Amendment likewise protects Facebook from liability for editorial decisions to include or exclude content from its platform.  The CDA and First Amendment thus completely bar Plaintiff's claims, rendering any further amendment futile. Thus, the FAC should be dismissed with prejudice.

## II.        BACKGROUND FACTS

Facebook, a Delaware corporation with its principal place of business in California,[4] offers a free online social networking service that enables people all over the world to connect and share information with others.

Plaintiff alleges that he is a Facebook user, and that his "entire schtick" is to "[c]all out and make examples of the politically-correct."  FAC, 2.  According to Plaintiff, Facebook determined that he "engage[s] in hate speech," and as a result has "punished, silenced and censored" him, ostensibly by removing content from its platform.  *Id* at 2-3.  Plaintiff does not identify any posts that were allegedly removed by Facebook.

Plaintiff claims that as a result of Facebook's actions, he is "not allowed to even to talk to my family" and is "prevent[ed]" him from "selling a book," resulting in lost potential income. *Id*.  Based on these conclusory and wholly speculative allegations, Plaintiff seeks "punitive damages."  FAC, 3.

While unclear, the FAC appears to allege two causes of action against Facebook: (1) violation of Title II of the Federal Civil Rights Act of 1964, presumably for removing some unidentified content from Facebook, and (2) breach of contract based on an allegation that

---

[4] *See* Facebook, Inc. Form 10-K, for the period ending Dec. 31, 2015 (the "Facebook 2015 Form 10-K"), at p. 7, available at https://investor.fb.com/financials/sec-filings-details/default.aspx?FilingId=11131970 (last accessed August 1, 2016).

MOTION TO DISMISS
(No. C16-0007JLR) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Facebook did not comply with its Facebook's Statement of Rights and Responsibilities ("SRR").[5] FAC, 2-3.  The FAC also added claims against the United States government for allegedly passing laws that "disparage" his rights, and for failing to appropriately engage in constitutional review of legislation.  *Id.*, 2, 4.

## III.   ARGUMENT

### A.   The Court should dismiss Plaintiff's claims for lack of personal jurisdiction.

Plaintiff has failed to carry his burden of demonstrating personal jurisdiction over Facebook or Zuckerberg.  *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995) (plaintiff bears the burden of establishing personal jurisdiction).  As a part of establishing a prima facie case for personal jurisdiction over a defendant, Plaintiff must show that Facebook and Zuckerberg have "certain minimum contacts" with Washington "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Plaintiff has done neither.

There are two types of personal jurisdiction: specific jurisdiction and general jurisdiction.  Specific jurisdiction 'exists when a case 'arises out of or relate[s] to the defendant's contacts with the forum.'"  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1062 (9th Cir. 2015) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984)).  It arises out of a controversy or activity that takes place in the forum, and is "specific to the case before the court."  *Ranza*, 793 F.3d at 1068.  General jurisdiction requires Plaintiff to "meet an exacting

---

[5] Facebook's SRR governs users' relationship with Facebook.  Declaration of John R. Tyler In Support of Facebook's Motion to Dismiss ("Tyler Decl."), Exh. A (SRR).  Plaintiff acknowledges that he is a Facebook user, and he expressly references the SRR to support his breach of contract theory, *see, e.g.*, FAC, 2.  Thus, the FAC necessarily incorporates the SRR into the complaint and Plaintiff in seeking to enforce the SRR against Facebook as breach of contract admits that he has agreed to the SRR's terms.  On a motion to dismiss, the court may refer to documents relied upon by the complaint even if "not explicitly refer[red] to" in the complaint.  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also Keithly v. Intelius Inc.*, 764 F. Supp. 2d 1257, 1262 (W.D. Wash. 2011).  This "prevent[s] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal quotation marks and citations omitted).  Alternatively, the Court may take judicial notice of the SRR because they are publicly available and their authenticity is not reasonably in dispute.  *See Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 834-35 (S.D.N.Y. 2012); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-84 (N.D. Cal. 2010).

MOTION TO DISMISS
(No. C16-0007JLR) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    standard for the minimum contacts required," and "requires affiliation [] so continuous and

2    systematic as to render the foreign corporation essentially at home in the forum State, i.e.,

3    comparable to a domestic enterprise in that State."  *Id*. (quoting *Daimler AG v. Bauman*, 134 S.

4    Ct. 746, 758 n. 11 (2014)).

5         Plaintiff has not and cannot make a prima facie showing that Facebook is subject to either

6    general or specific jurisdiction in Washington.  *Ranza*, 7935 F.3d at 1069-1070 (holding that

7    plaintiff failed show either general and specific personal jurisdiction where plaintiff merely

8    alleged that Dutch corporation had several employees in Oregon, but did not allege that the

9    corporation's purported tortious conduct took place or caused injury in Oregon).  Indeed,

10   Plaintiff makes no allegation that this Court has personal jurisdiction over Facebook or

11   Zuckerberg.

12        In assessing personal jurisdiction, federal courts first consider whether a defendant is

13   subject to jurisdiction under the law of the forum state, and then consider whether the exercise of

14   jurisdiction "comports with the limits imposed by federal due process."  *Ranza*, 793 F.3d at 1068

15   (quoting *Daimler*, 134 S.Ct. at 746).  To comply with due process, a court may only exercise

16   general jurisdiction over an action unrelated to the corporation's contacts with the state where the

17   corporation's "affiliations with the State" are "so 'continuous and systematic' as to render [it]

18   essentially **at home** in the forum State."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, --

19   U.S. --, 131 S. Ct. 2846, 2851 (2011) (emphasis added); *see also Martinez v. Aero Carribean*,

20   764 F.3d 1062, 1064 (9th Cir. 2014) (no general jurisdiction over defendant that is not

21   "essentially at home" in forum state, and holding that service on corporate officer within forum

22   state does not make it so).  The Supreme Court made clear in *Daimler* that a corporation is "at

23   home" in its "place of incorporation and principal place of business."  134 S. Ct. at 760.  Only in

24   an "exceptional case" can a corporation be found "at home" in another state.  *Id.* at 761 n.19; *see*

25   *also Martinez*, 764 F.3d at 1062 ("[T]he paradigm fora for general jurisdiction are a

26

MOTION TO DISMISS
(No. C16-0007JLR) – 4

1  corporation's place of incorporation and principle place of business.  Only in an exceptional case

2  will general jurisdiction be available anywhere else.") (internal citations omitted).

3      Facebook is not "at home" in Washington because it is a Delaware corporation and its

4  principal place of business in California and this is not an exceptional case.  *See e.g. Gullen v.*

5  *Facebook.com, Inc.*, No. 15 C 7681, 2016 WL 245910 (N.D. Ill. Jan. 21, 2016) (dismissing

6  complaint by Illinois residents alleging that Facebook violated Illinois privacy statutes for lack of

7  jurisdiction because Facebook is not at home in Illinois).  It would therefore violate due process

8  to subject Facebook to general jurisdiction in this forum.

9      This court also does not have specific jurisdiction over Facebook in this action, because

10  Facebook's alleged discriminatory actions in removing Plaintiff's posts and or suspending his

11  Facebook account did not occur in Washington.  Furthermore, the FAC is silent as to how

12  Facebook or Zuckerberg would have purposely availed themselves of the privileges of

13  conducting activities in Washington state, or that Plaintiff's claim arises out of those alleged

14  forum-related activities.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir.

15  2002).  Indeed, Facebook's Statement of Rights and Responsibilities ("SRR"), which forms the

16  basis of Plaintiff's breach of contract claim, makes clear that Facebook does not avail itself of

17  Washington law by providing services to Plaintiff.  Among other provisions, the SRR provides

18  that any dispute between Plaintiff and Facebook will be resolved exclusively before certain

19  California courts and governed by California law:

20      You will resolve any claim, cause of action or dispute (claim) you
        have with us arising out of or relating to this Statement or
21      Facebook exclusively in the U.S. District Court for the Northern
        District of California or a state court located in San Mateo County .
22      . .

23      *See* Tyler Decl., Ex. A (SRR § 15.1).[6]

24  ――――――――――
        [6] Should this Court decline to dismiss the case, it should transfer this case to the Northern District of
25  California under 28 U.S.C. § 1404(a).  Valid forum-selection clauses must be enforced except in rare and unusual
    cases.  *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (emphasis
26  added). Indeed, courts have routinely transferred cases in accordance with Facebook's forum-selection clause.  *See,
    e.g., Franklin v. Facebook, Inc.*, No. 1:15-CV-00655; 2015 WL 7755670 (N.D. Ga. Nov. 24, 2015)(granting motion

MOTION TO DISMISS
(No. C16-0007JLR) – 5

For each of the reasons stated above, the FAC both fails to allege facts sufficient to establish jurisdiction before this court or rebut the strong presumption that Facebook is not at home in this district, and the FAC should be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

**B.     Plaintiff does not state a claim on which relief may be granted.**

Even if the Court finds that Plaintiff has satisfied his burden to establish personal jurisdiction, it should dismiss the complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under Rule 12(b)(6), a complaint may be dismissed for (1) "lack of cognizable legal theory;" or (2) "insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal. Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).  To withstand a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  While factual allegations in a complaint are assumed true, courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The FAC fails to state a claim against Facebook under the Civil Rights Act or for breach of contract.

**1.      Plaintiff fails to state a claim under the Federal Civil Rights Act**

Plaintiff alleges that his "claim is under Title II of the Civil Rights Act of 1964 SEC. 203 concerning public accommodations."  FAC, 3; *see also* 42 U.S.C. §2000a, et seq. ("Title II"). Title II provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods,

---

to transfer based on Facebook's forum selection clause); *E.K.D. ex rel. Dawes v. Facebook*, Inc., 885 F. Supp. 2d 894, 900 (S.D. Ill. 2012) (explaining that "a mandatory forum-selection clause is prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances"; transferring case to California based on forum-selection clause in Facebook's terms of service) (internal quotation marks and citation omitted); *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 834-35 (S.D.N.Y. 2012)(finding Facebook's selection clause valid and transferring case to the Norther District of California).

MOTION TO DISMISS
(No. C16-0007JLR) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."  42 U.S.C. § 2000a(a).  Here, Plaintiff claims Facebook violated Title II by removing content that he posted from Facebook, but this claim fails because Facebook is not a "place of public accommodation" within the meaning of Title II and there is no allegation that Facebook engaged in discrimination based on "race, color, religion, or national origin." *Id.,* § 2000a(a), (b).

<blockquote>
a.   **Facebook's social media platform is not a "place of public accommodation."**
</blockquote>

Title II applies only to activities related to a "place of public accommodation," which is defined as: "(1) any inn, hotel, motel, or other establishment which provides lodging to transient guests . . . ; (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises . . . ; (3) any motion picture house, theatre, concert fall, sports arena, stadium or other place of exhibition or entertainment; and (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment."  42 U.S.C. § 2000a(b).  The definition is clear: only a physical establishment qualifies as a place of public accommodation.

Courts have confirmed that Facebook and other online services are not places of public accommodation.  *Young v. Facebook,* 790 F. Supp. 2d 1110, 1115 (N.D. Cal, 2011) (Facebook not a place of public accommodation under the Americans With Disability Act (ADA) that similarly limits the definition of "public accommodation" to actual physical spaces.); *Noah v. AOL Time Warner, Inc.*, 261 F. Supp. 2d 532, 541 (E.D. Va. 2003) (AOL's online user forums were not a "place of public accommodation," because "'places of public accommodation' are limited to actual physical places and structures, and thus cannot include chat rooms, which are

MOTION TO DISMISS
(No. C16-0007JLR) – 7

1   not actual physical facilities but instead are virtual forums for communication provided by AOL

2   to its members." ) (internal quotations omitted).  The *Noah* court determined that where an

3   online service "does not exist in a particular physical location, [and] indeed can be accessed

4   almost anywhere," it therefore lacks the physical presence necessary to constitute a "place of

5   public accommodation" under Title II.  *Noah*, 261 F. Supp. 2d at 544-45.  It also rejected

6   plaintiff's argument that AOL's chatrooms qualify as a "place of . . . entertainment" under

7   Section 2000a(b)(3), because "the statute's consistent reference to actual physical structures

8   points convincingly to the conclusion that the phrase does not include forums for entertainment

9   that are not physical structures or locations."  *Id*. at 541; *see also Weyer v. Twentieth Century*

10  *Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) (finding that "place of public

11  accommodation," as used in the Americans with Disabilities Act, requires "some connection

12  between the good or service complained of and an actual physical place").

13      Like AOL's chatrooms, Facebook's social media platform are located exclusively online

14  and are not associated with any physical facility.  Thus, this court should find that Facebook is

15  not a place of public accommodation under Title II.  This conclusion is entirely consistent with

16  the prior determination that, because "Facebook operates only in cyberspace, it is not a 'place of

17  public accommodation'" under the ADA.  *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1115

18  (N.D. Cal. 2011).  Accordingly, Plaintiff's claim under the Federal Civil Rights Act fails.

        **b.    Plaintiff does not allege that Facebook discriminated against him on
                account of "race, color, religion, or national origin."**

19
20      The FAC also fails to state a Title II claim because it does not allege that plaintiff was

21  discriminated against as a member of a protected class.  This Court dismissed Plaintiffs' original

22  complaint for "discrimination" because the "factual allegations in the complaint do not support a

23  plausible inference that discrimination has occurred, nor do they suggest a cognizable legal

24  theory under which [Facebook] could be held liable for discrimination."  Dkt. No. 8, at 4.  Aside

25  from adding a reference to Title II, the FAC adds no new factual allegations sufficient to support

26

MOTION TO DISMISS
(No. C16-0007JLR) – 8

a discrimination claim.  Moreover, Plaintiff does not allege discrimination based on his "race, color, religion, or national origin," as required by Title II.  *See* 42 U.S.C. § 2000a(a).  Plaintiff claims that Facebook discriminated against him by removing some unidentified content from Facebook, ostensibly because Plaintiff "calls out and makes examples of the politically-correct." FAC, 2.  But individuals challenging political correctness (or incorrectness) are not part of a protected class, as Title II creates no cause of action for claims based on "call[ing] out . . . the politically-correct."  The FAC therefore fails to state a claim under Title II for this reason as well, and the claim should be dismissed with prejudice.

### 2. Plaintiff fails to state a breach of contract claim.

Despite hinting that this action "concern[s] breach of contract," Plaintiff does not allege a breach of contract claim.  *See Nw. Ind. Forest Mfrs. v. Dep't. of Labor and Industries*, 78 Wash. App. 707, 712 (Wash. App. Ct. 1995) ("a breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant.")  The FAC does not clearly identify the contract—let alone the particular contractual provision, the legal duty owed by Facebook, or how Facebook breached said duty.

Facebook infers that Plaintiff's quote from a section from Facebook's Statement of Rights and Responsibilities is intended to identify the contract term that was allegedly breached. FAC, 2.  That portion of the SRR addresses the obligations of Facebook users with respect to hate speech, and identifies restrictions on how *users* may use Facebook's platform:

> We do our best to keep Facebook safe, but we cannot guarantee it.
> We need your help to keep Facebook safe, which includes the
> following commitments by you:
>
> ….
>
> 6. You will not bully, intimidate, or harass any user.
>
> 7. You will not post content that: is hate speech, threatening, or
> pornographic; …

Tyler Decl., Exh. A (SRR, § 3).

MOTION TO DISMISS
(No. C16-0007JLR) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    This language does not impose a duty on Facebook.  To the extent it imposes a duty at

2    all, that duty is imposed on Facebook users (such as Plaintiff) as a condition of using the service.

3    *Caraccioli v. Facebook, Inc.*, ___ F. Supp. 3d ___, , 2016 WL 859863, at *5 (N.D. Cal. Mar. 7,

4    2016) (dismissing breach of contract claim based on Facebook's alleged failure to remove

5    certain content created by others because "Facebook's Terms of Service 'place restrictions on

6    users' behavior,' they 'do not create affirmative obligations.'") (quoting *Young v. Facebook, Inc.*

7    No. 5:10-cv-03579, 2010 WL 4269304 (N.D. Cal. Oct. 25, 2010)).  In fact, the SRR provides

8    Facebook with the discretion to remove or not remove any content that users may post on its

9    services.  Tyler Decl. , Exh 1 (SRR, § 5.2) ("We can remove any content or information you post

10    on Facebook if we believe that it violates this Statement or our policies." )

11    Here, the FAC seeks to hold Facebook liable for removing content that it believed

12    violated the SRR or it policies, but Facebook cannot be held liable for breach of contract for

13    removing content pursuant to the express provisions of that same contract.  *See Young*, 790 F.

14    Supp. 2d at 1117 (declining to find a breach of contract where Facebook terminated plaintiff's

15    account as outlined in Facebook's terms).  Thus, the FAC fails to state a claim for breach of

16    contract.

17    **C.**    **Plaintiff's claims against Facebook are barred by the CDA.**

18    Even if Plaintiff had adequately pled his claims, which he has not, they barred by the

19    federal Communications Decency Act, 47 U.S.C. § 230(c) ("CDA").  The CDA entitles

20    Facebook to immunity from liability related to the selection and removal of content created by

21    others.

22    Courts have applied § 230(c)(1) of the CDA to preempt civil rights and breach of contract

23    claims such as those alleged here.  *See, e.g., Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.,* 144

24    F. Supp. 3d 1088, 1095 (N.D. Cal. 2015) (holding that the CDA barred a Civil Rights Act claim

25    against Facebook for removing content); *Goddard v. Google, Inc.*, 2008 WL 5245490, *5 (N.D.

26    Cal. Dec. 17, 2008) (finding breach of contract claim based on Google's failure to remove

MOTION TO DISMISS
(No. C16-0007JLR) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

certain advertisements barred by Section 230(c)(1) because it would hold Google responsible for third-party content); *Noah,* 261 F. Supp. 2d at 539-40 (E.D. Va. 2003) (finding federal civil rights claim preempted and stating that "Congress did not intend to place federal civil rights claims outside the scope of § 230 immunity"); *see also Fair Hous. Council of San Fernando Valley v. Roommates.Com*, LLC ("*Roommates*"), 521 F.3d 1157, 1175 (9th Cir.2008) (en banc) (federal fair housing claims failed under CDA).  Similarly, § 230(c)(2)(A) preempts liability for service provider decisions to "identify, filter, and block" unwanted third party content, to assuage fears that providers "might be held liable for blocking too much, or even too little."  *e360Insight, LLC v. Comcast Corp.*, 546 F. Supp. 2d 605, 607 (N.D. Ill. 2008); *see also Langdon v. Google Inc.*, 474 F. Supp. 2d 622, 631 (D. Del. 2007) (§ 230(c)(2) permits Google to block content as "otherwise objectionable").

Facebook is entitled to immunity under the CDA because (1) Facebook is an "interactive computer service," (2) Plaintiffs' claims treat Facebook as the "publisher" or "speaker" of the offending content, and (3) the offending content was "provided by another information content provider."  47 U.S.C. § 230(c)(1); see also *Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014); *Caraccioli v. Facebook, Inc.*, ___ F. Supp. 3d ___, , 2016 WL 859863, at *5 (N.D. Cal. Mar. 7, 2016).

### a.  Facebook is an "interactive service provider" entitled to CDA immunity.

CDA immunity extends to an "interactive computer service," which is defined as a service that "provides or enables computer access by multiple users to a computer server . . ." 47 U.S.C. § 230(f)(2).  Facebook is plainly covered – every court to consider the issue has found Facebook to be an interactive computer service.  *Klayman*, 753 F.3d at 1357 (holding that Facebook "provides information to 'multiple users' by giving them 'computer access… to a computer server'"); *Caraciolli v. Facebook, Inc.*, 016 WL 859863 (N.D. Cal. Mar. 7, 2016) (finding that Facebook is an interactive computer service); *Sikhs for Justice*, 144 F. Supp. 3d at

MOTION TO DISMISS
(No. C16-0007JLR) – 11

1093 (same); *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 801-802 (N.D. Cal. 2011) (same);

*Gaston v. Facebook, Inc.*, 2012 WL 629868, at *7 (D. Or. Feb. 2, 2012) (finding that Facebook

"clearly fall[s]" within the definition of "interactive computer service").[7]

### b. The FAC seeks to hold Facebook liable for excessing traditional editorial functions.

Facebook has immunity under § 230(c)(1) for "any activity that can be boiled down to

deciding whether to exclude material that third parties seek to post online . . ." *Roommates*, 521

F. 3d at 1170-71.  That is precisely the activity at issue here:  Plaintiff seeks to hold Facebook

liable for removing unidentified posts that he allegedly made on Facebook.

Courts have repeatedly held that the CDA immunizes Facebook and similar providers

from liability for decisions to block or remove content.  For example, the court in *Sikhs for

Justice* held that the CDA precluded a plaintiff non-profit organization from maintaining a

similar Title II claim against Facebook for blocking access to certain content in certain

geographic locations.  144 F. Supp. 3d at 1094-95.  The court explained that the claim was

barred by § 230(c)(1) of the CDA because plaintiff sought "to hold [Facebook] liable for [its]

decision 'whether to publish third-party content."  *Id.* at  1095.  Similarly, the Ninth Circuit

prohibited the plaintiff in *Riggs v. MySpace, Inc.*, 444 Fed.Appx 986 (9th Cir. 2011), from

pursuing claims against the social network MySpace for deleting his MySpace profile.  There,

the court held that the CDA barred the plaintiff's negligence and gross negligence claims, which

stemmed from MySpace's "decisions to delete [the plaintiff's] user profiles on its social

networking website yet not delete other profiles [the plaintiff] alleged were created by celebrity

impostors."  *Id.* at 987; *see also Levitt v. Yelp! Inc.*, 2011 WL 5079526 at *6 (N.D. Cal. Oct. 26,

2011) (holding that § 230 immunized Yelp from liability for its editorial decision to "remov[e]

certain reviews and publish[] others.").

---

[7] To the extent any claim can be extended to Defendant Mark Zuckerberg, Facebook's founder, Chairman, and Chief Executive Officer, that claim will also be barred.  *Klayman v. Zuckerberg*, 753 F.3d 1354, 1357-58 (D.C. Cir. 2014) (holding that the CDA immunizes Mark Zuckerberg against claims seeking to hold him accountable for his role in providing the Facebook service).

MOTION TO DISMISS
(No. C16-0007JLR) – 12

Plaintiff's claim that Facebook removed his content for allegedly discriminatory reasons has no bearing on the CDA analysis.  In *Levitt*, the Ninth Circuit held that the motive behind Yelp's editorial decisions regarding whether to publish or de-publish reviews was irrelevant for purposes of Section 230(c)(1).  *Levitt*, 2011 WL 5079526 at *8.  So too did the court in *Sikhs for Justice*, which rejected a plaintiff's argument that Facebook be held liable for "discriminatory" removal of content, noting that "the act that Defendant allegedly conducted in a discriminatory manner is the removal of the SFJ Page in India," and that "removing content is something publishers do, and to impose liability on the basis of such conduct necessarily involves treating the liable party as a publisher" in violation of the CDA.  *Sikhs for Justice*, 144 F. Supp. 3d at 1095 (quoting *Barnes v. Yahoo, Inc.*, 570 F.3d 1096, 1103 (9th Cir. 2011)); *see also Noah*, 261 F. Supp. 2d at 539-40 (E.D. Va. 2003) (finding federal civil rights claim preempted and stating that "Congress did not intend to place federal civil rights claims outside the scope of § 230 immunity").

### c.    Plaintiffs' claims all involve content created by another information content provider.

As Plaintiff alleges, all of the content at issue was provided by "another information content provider."  47 U.S.C. § 230(c)(1).  Indeed, Plaintiff is a Facebook user whose complaint is based on removal of content he alleges *he* posted on Facebook.

### d.    Facebook cannot be held liable for decisions to block "otherwise objectionable" content.

In addition to the immunity provided by section 230(c)(1), the CDA also immunizes Facebook for "any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected."  47 U.S.C. § 230(c)(2)(A).  Section 230(2)(A) "does not require that the material actually be objectionable; rather, it affords protection for blocking material 'that the provider or user considers to be' objectionable."  *Zango, Inc. v. Kapersky Lab, Inc.*, No. C07-0807-JCC,

MOTION TO DISMISS
(No. C16-0007JLR) – 13

1   2007 WL 5189857, at *4 (W.D. Wash. Aug. 28, 2007), *aff'd*, 568 F.3d 1169 (9th Cir. 2009)

2   (emphasis added).  Plaintiff alleges that Facebook removed certain content posted by Plaintiff

3   because Facebook determined that it was "hate speech." FAC, 2.  Facebook's conduct is

4   therefore protected from liability, regardless of whether Plaintiff agrees with Facebook's alleged

5   determination.  *Id.*; *see also e360Insight*, 546 F. Supp. 2d at 607 (§ 230(c)(2)(A) immunizes

6   interactive computer service providers from their decisions to "identify, filter, and block"

7   unwanted content); *Langdon*, 474 F. Supp. 2d at 631 (§ 230(c)(2) permits Google to block

8   content as "otherwise objectionable").

9       Accordingly, Section 230 of the CDA bars the FAC's claims as they pertain to Facebook

10  and the complaint should be dismissed in its entirety, with prejudice.

11      **1.      The First Amendment bars Plaintiff's claims.**

12      Plaintiff's claims against Facebook should also be dismissed because Facebook has a

13  First Amendment right to determine what appears on its platform, as well as how it appears.

14  This is an editorial choice not subject to liability.  *See, e.g., Miami Herald Publ'g Co. v. Tornillo*,

15  418 U.S. 241, 256-58 (1974) (rejecting right-of-access statute for newspapers as

16  unconstitutional).

17      The First Amendment protects a communications service provider from liability for its

18  decision to include or block content from appearing on its service.  *See Zhang v. Baidu*, 10 F.

19  Supp. 3d 433, 435 (S.D.N.Y. 2014).  The court in *Zhang* held that the First Amendment

20  protected Baidu, a Chinese search engine, from liability for its decision to block certain political

21  speech from appearing in its search results.  *Id*. at 435-46.  The court explained that "the First

22  Amendment fully immunizes search results from most, if not all, kinds of civil liability and

23  government regulation" because they are the result of the search engine's editorial judgments.

24  *Id*. at 438.   Noting that it "would plainly 'violate[] the fundamental rule of protection under the

25  First Amendment, that a speaker has the autonomy to choose the content of his own message," to

26  allow the suit to proceed, the court dismissed the action in its entirety, with prejudice.  *Id*. at 440

MOTION TO DISMISS
(No. C16-0007JLR) – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   (quoting *Hurley v. Irish-American Gay, Lesbian, & Bisexual Group of Boston*, 515 U.S. 557, 573

2   (1995)).

3          As in *Baidu*, Facebook has a constitutional right to determine what appears on its service.

4   According to Plaintiff, Facebook made an editorial judgment to remove certain content.  Plaintiff

5   speculates wildly and incorrectly as to why Facebook did so, but ultimately the reasons do not

6   matter: Facebook cannot be held liable for "what it does and does not choose to say," as "one

7   important manifestation of the principle of free speech is that one who chooses to speak may also

8   decide what not to say."  *Zhang*, 10 F. Supp. at 437 (internal quotations omitted).

9                              **IV.    CONCLUSION**

10         For the foregoing reasons, the Court should dismiss Plaintiff's claims against Facebook

11  and Zuckerberg, with prejudice.

12

13

14  DATED:  August 3, 2016                    By:  s/ John R. Tyler
                                             James R. McCullagh, WSBA No. 27744
15                                           John R. Tyler #42097
                                             **Perkins Coie LLP**
16                                           1201 Third Avenue, Suite 4900
                                             Seattle, WA  98101-3099
17                                           Telephone:  206.359.8000
                                             Facsimile:  206.359.9000
18                                           Email:  JMcCullagh@perkinscoie.com
                                             Email:  RTyler@perkinscoie.com
19
                                             Attorneys for Defendants Facebook, Inc. and
20                                           Mark Zuckerberg

21

22

23

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I certify that on this day, August 3, 2016, I caused a copy of the foregoing document, FACEBOOK, INC.'S AND MARK ZUCKERBERG'S MOTION TO DISMISS, to be served on all counsel via CM/ECF.

Dated:  August 3, 2016                                 */s/ John R. Tyler*
                                                              John R. Tyler

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000