1

2

3

4

5

6

7

8     UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
      AT SEATTLE

9

10    JOHN MARTIN RALLS III,                    CASE NO. C16-0007JLR

11                        Plaintiff,            ORDER DISMISSING
                                                COMPLAINT WITH LEAVE TO
12    v.                                        AMEND

13    FACEBOOK, et al.,

14                        Defendants.

15                       I.    INTRODUCTION

16    Before the court is Defendants Facebook, Inc. ("Facebook") and Mark

17    Zuckerberg's (collectively, "Defendants") motion to dismiss (Mot. (Dkt. # 30)) Plaintiff

18    John Martin Ralls's first amended complaint (FAC (Dkt. # 9)). The court has considered

19    Defendants' motion,[1] the relevant portions of the record, and the applicable law.

20    _____

21        [1] Mr. Ralls did not file a response to Defendants' motion, and Defendants did not file a
      reply brief in support of their motion. (*See* Dkt.)

22

ORDER- 1

Considering itself fully advised,[2] the court GRANTS Defendants' motion for the reasons set forth below and DISMISSES Mr. Ralls's complaint against Defendants without prejudice.  The court also DISMISSES Mr. Ralls's First Amendment claim against the United States of America ("the Government") without prejudice and his Ninth Amendment claim against the Government with prejudice pursuant to 28 U.S.C. § 1915(e).

## II.   BACKGROUND

Mr. Ralls is proceeding *pro se* and *in forma pauperis* ("IFP").  (IFP Ord. (Dkt. # 5).)  On February 4, 2016, the court dismissed Mr. Ralls's original complaint under 28 U.S.C. § 1915(e), which gives district courts authority to review IFP complaints and dismiss them if "at any time" the court determines that an IFP complaint is frivolous or fails to state a claim on which relief may be granted.  (*See* 2/4/16 Ord. (Dkt. # 8)); 28 U.S.C. § 1915(e)(2).  The court determined that Mr. Ralls's complaint was frivolous and gave Mr. Ralls 20 days to file an amended complaint.  (2/4/16 Ord. at 2, 4).  Mr. Ralls filed an amended complaint on February 22, 2016, and added the Government as a defendant.[3]  (FAC.)

//

---

[2] Neither party has requested oral argument, and the court finds that oral argument would not be helpful to its disposition of the motion.  *See* Local Civil Rules W.D. Wash. LCR 7(d).

[3] Mr. Ralls filed a second amended complaint on April 21, 2016.  (SAC (Dkt. # 19).)  However, Mr. Ralls did not move to amend his complaint before filing the second amended complaint (*see* Dkt.) and the content of his second amended complaint is identical to the first (*compare* FAC, *with* SAC).  Therefore, Defendants seek to dismiss the operative complaint.

1    Mr. Ralls's amended complaint alleges two claims against Facebook:  (1) breach

2  of contract of "Facebook's own 'Terms of Use' agreement with [Mr. Ralls]" and (2)

3  violation of Title II of the Civil Rights Act of 1964.  (*See id.* at 2-4.)  It is unclear whether

4  Mr. Ralls intends to assert these claims against Mr. Zuckerberg as well.  Mr. Ralls

5  contends that Facebook "claim[s] . . . that [he] engage[s] in hate speech."  (*Id.* at 2.)

6  According to Mr. Ralls, his "entire schtick . . . on Facebook is to call out and make

7  examples of the politically-correct."  (*Id.*)  Mr. Ralls contends that by "censor[ing]" the

8  content he posts, Facebook makes it difficult for Mr. Ralls to sell the book he has written,

9  which he alleges has led to "lost potential income."  (*Id.* at 3.)  Mr. Ralls further alleges

10  that he "ha[s] been so depressed over [his] inability to get [his] word out that [he] cannot

11  even finish [his] second book."  (*Id.*)

12    Mr. Ralls also alleges that the Government violated his First Amendment rights:

13  "It is my assertion that my government is actively instructing Facebook to violate my

14  rights . . . ."  (*Id.* at 4.)  He states that he would "like to know if my government is having

15  Facebook trace me as a terrorist for no good reason."  (*Id.*)  Mr. Ralls further alleges that

16  the Government violated the Ninth Amendment by passing "unconstitutional" laws and

17  failing to protect him.  (*See id.* at 3-4).  Mr. Ralls appears to seek monetary damages

18  because he states that "[t]he lost potential income is obvious" and he is "seeking

19  compensation" "[i]n punitive damages."  (*Id.* at 3.)

20    Defendants filed the instant motion to dismiss on August 3, 2016.  (*See generally*

21  Dkt.)  Defendants argue that Mr. Ralls's complaint must be dismissed because Mr. Ralls

22  "has failed to carry his burden of demonstrating personal jurisdiction over Facebook or

[Mr.] Zuckerberg." (Mot. at 9.) Defendants also argue that, even if Mr. Ralls has demonstrated that the court has personal jurisdiction over Defendants, Mr. Ralls has failed to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 12.)

### III.   ANALYSIS

**A.   Personal Jurisdiction over Facebook and Mr. Zuckerberg**

    1.  <u>Legal Standard</u>

"In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). However, a plaintiff need only make a *prima facie* showing of personal jurisdiction where the motion to dismiss is based on written materials rather than an evidentiary hearing. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Although a plaintiff's "uncontroverted allegations" related to personal jurisdiction "must be taken as true," "[a] plaintiff may not simply rest on the 'bare allegations of [the] complaint.'" *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)) (second alteration in original). "A *prima facie* showing means that the plaintiff has produced admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction." *Microsoft Corp. v. Mountain W. Computs.*, No. C14-1772RSM, 2015 WL 4479490, at *3 (W.D. Wash. July 22, 2015) (citing *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995)).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over [defendants]." *Daimler AG v. Bauman*, --- U.S. ---, 134 S. Ct. 746, 753

1    (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)).  Washington State permits the exercise of

2    personal jurisdiction over defendants to the same extent allowed by the due process

3    clause of the United States Constitution.  *See Failla v. FixtureOne Corp.*, 336 P.3d 1112,

4    1116 (Wash. 2014) ("[Washington's] long-arm statute [is] designed to be co-extensive

5    with federal due process . . . .").  The court therefore analyzes whether Mr. Ralls has

6    demonstrated the court's personal jurisdiction over Defendants under "the limits imposed

7    by the due process clause."  *Daimler*, 134 S. Ct. at 753.  "Due process requires that the

8    defendant 'have certain minimum contacts' with the forum state 'such that the

9    maintenance of the suit does not offend traditional notions of fair play and substantial

10   justice.'"  *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Int'l Shoe Co. v.*

11   *Wash.,* 326 U.S. 310, 316 (1945) (internal quotations omitted)).

12        Personal jurisdiction may be general or specific.  *Id.*  "[A] plaintiff invoking

13   general jurisdiction must meet an 'exacting standard' for the minimum contacts

14   required."  *Ranza*, 793 F.3d at 1069 (quoting *CollegeSource*, 653 F.3d at 1074)).  A

15   defendant corporation is subject to the court's general jurisdiction where its "affiliations

16   [are] so continuous and systematic as to render the foreign corporation essentially at

17   home in the forum State, *i.e.*, comparable to a domestic enterprise in that State."

18   *Daimler*, 134 S. Ct. at 758 n.11 (internal quotations and citations omitted).  "The

19   paradigmatic locations where general jurisdiction is appropriate over a corporation are its

20   place of incorporation and its principal place of business."  *Ranza*, 793 F.3d at 1069.  A

21   corporation will be subject to general jurisdiction in another state only in an "exceptional

22   case."  *Daimler*, 134 S. Ct. at 761 n.19.  "For an individual, the paradigm forum for the

exercise of general jurisdiction is the individual's domicile . . . ." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

"Specific jurisdiction exists when a case 'aris[es] out of or relate[s] to the defendant's contacts with the forum.'" *Ranza*, 793 F.3d at 1068 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). For a defendant to be subject to the court's specific jurisdiction

> (1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.*

### 2. Defendants' Motion to Dismiss

Defendants argue that Mr. Ralls "has failed to carry his burden of demonstrating personal jurisdiction over Facebook or [Mr.] Zuckerberg" (Mot. at 9), and that the court has neither general nor specific jurisdiction over them (*id*. at 9-12). Specifically, Defendants argue that "Facebook is not 'at home' in Washington because it is a Delaware corporation and its principal place of business [is] in California and this is not an

//

//

//

ORDER- 6

exceptional case."[4]  (*Id.* at 11.)  Defendants contend that it would "violate due process to

subject Facebook to general jurisdiction in this forum."  (*Id.*)  Although Defendants'

arguments about the court's lack of general jurisdiction address Facebook specifically,

Defendants contend that Mr. Ralls's complaint "contains no allegations against [Mr.]

Zuckerberg in his personal capacity and the FAC should therefore be dismissed as to

[Mr.] Zuckerberg . . . ."  (*Id.* at 7 n.1.)

          In addition, Defendants argue that the court does not have specific personal

jurisdiction over them because Mr. Ralls's complaint "is silent as to how Facebook or

[Mr.] Zuckerberg could have purposely availed themselves of the privileges of

conducting activities in Washington state, or that [Mr. Ralls's] claim arises out of those

alleged forum-related activities."  (*Id.*)  Defendants argue that Facebook's Statement of

Rights and Responsibilities ("SRR") makes clear that "Facebook does not avail itself of

Washington law by providing services to" Mr. Ralls because "the SRR provides that any

dispute between Plaintiff and Facebook will be resolved exclusively before California

//

---

[4] Defendants refer the court to Facebook's Form 10-K for the period ending December 31, 2015, to establish that Facebook is a Delaware corporation with its principal place of business in California.  (Mot. at 8 n.4); *see also* FACEBOOK, INC. FORM 10-K, FOR THE PERIOD ENDING DEC. 31, 2015, at 1, 7, https://investor.fb.com/financials/sec-filings-details/default.aspx?FilingId=11131970 (last visited Oct. 19, 2016).  The court takes judicial notice of these facts. *See In re White Elec. Designs Corp. Sec. Litig.*, 416 F. Supp. 2d 754, 760 (D. Ariz. 2006) ("[J]udicial notice is appropriate for SEC filings . . . as they are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."); Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); Fed. R. Evid. 201(c)(1) ("The court . . . may take judicial notice on its own.").

1  laws courts and governed by California law."  (*Id.*; *see also* Tyler Decl. (Dkt. # 31) Ex.

2  A.)

3        In light of Defendants' challenge that Mr. Ralls's complaint fails to sufficiently

4  allege the court's personal jurisdiction over them, Mr. Ralls must make a *prima facie*

5  showing of the court's personal jurisdiction.  *See Ranza*, 793 F.3d at 1068.  To meet this

6  burden, Mr. Ralls must rely on more than the bare allegations of his complaint and must

7  "produce[] admissible evidence, which if believed, is sufficient to establish the existence

8  of personal jurisdiction."  *Mountain W. Computs.*, 2015 WL 4479490, at *3.  Even

9  construing his *pro se* filings liberally as the court must do, *see Balistreri v. Pacifica

10  Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), Mr. Ralls has not made the necessary

11  showing.

12        Mr. Ralls's complaint does not include any allegations related to the court's

13  exercise of personal jurisdiction over either Mr. Zuckerberg or Facebook.  (*See generally*

14  FAC.)  Mr. Ralls also did not respond to Defendants' motion to dismiss or otherwise file

15  any other information with the court, which the court considers "an admission that the

16  motion has merit."  Local Rules W.D. Wash. LCR 7(b)(2).  In short, Mr. Ralls has not

17  provided the court with any allegations or any evidence to support the court's exercise of

18  personal jurisdiction over Defendants.  Therefore, Mr. Ralls has not shown that this is an

19  "exceptional case," *Daimler*, 134 S. Ct. at 761 n.19, in which a corporation incorporated

20  in Delaware with its principal place of business in California is subject to general

21  jurisdiction in Washington.  Mr. Ralls has also not demonstrated that Mr. Zuckerberg is

22  subject to the court's general jurisdiction.  *See Goodyear*, 564 U.S. at 924 ("[T]he

1   paradigm forum for the exercise of general jurisdiction is the individual's

2   domicile . . . .").

3       In addition, Mr. Ralls has failed to show specific jurisdiction because he makes no

4   allegations and provides no evidence that Defendants purposefully directed their

5   activities towards Washington, that the conduct Mr. Ralls complains of arose from any

6   activities purposefully directed towards Washington, or that it would be reasonable to

7   exercise personal jurisdiction over Defendants. *See Ranza*, 793 F.3d at 1068 (listing

8   three-part test to establish specific personal jurisdiction). The court further notes that

9   personal jurisdiction over Facebook may not exist simply because a user avails himself of

10  Facebook's services in a state other than the states in which Facebook is incorporated and

11  has its principal place of business. *See Gullen v. Facebook.com, Inc.*, No. 15 C 7681,

12  2016 WL 245910, at *2 (N.D. Ill. Jan. 21, 2016) ("Because plaintiff does not allege that

13  Facebook targets its alleged biometric collection activities at Illinois residents the fact

14  that its site is accessible to Illinois residents does not confer specific jurisdiction over

15  Facebook.").

16      The court therefore grants Defendants' motion to dismiss for lack of personal

17  jurisdiction. Because the court concludes that it does not have personal jurisdiction over

18  Defendants, the court does not address Defendants' motion to dismiss under Federal Rule

19  of Civil Procedure 12(b)(6).

20  **B.    Mr. Ralls's Suit Against the Government**

21      Mr. Ralls bases his suit against the Government on the First and Ninth

22  Amendments. (FAC at 4-5.) Title 28 U.S.C. § 1915(e) charges the court with

1  independently screening IFP plaintiffs' complaints to determine if the complaints are

2  frivolous or fail to state a claim upon which relief may be granted.  *See* 28 U.S.C.

3  § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.

4  2000) (clarifying that Section 1915(e)'s screening provisions apply to all IFP

5  proceedings, not just those filed by prisoners).  In addition, the court has "an ongoing

6  obligation to be sure that jurisdiction exists."  *Matheson v. Progressive Specialty Ins. Co.*,

7  319 F.3d 1089, 1090 (9th Cir. 2003).

8         The mere fact that Mr. Ralls has named the Government as a defendant does not

9  give this court jurisdiction.  "[T]he United States is entitled to sovereign immunity from

10  any claim for damages unless immunity has been explicitly waived by Congress."

11  *Comm. for Immigration Rights of Sonoma Cty. v. Cty. of Sonoma*, 644 F. Supp. 2d 1177,

12  1192 (N.D. Cal. 2009).  Although Congress has not explicitly waived sovereign

13  immunity for suits against federal agents acting under color of federal authority, the

14  Supreme Court has allowed actions for monetary damages under *Bivens v. Six Unknown*

15  *Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) in certain

16  circumstances.[5]  *Id.*  The Ninth Circuit Court of Appeals "has held that *Bivens* authorizes

17  First Amendment damages claims," *Moss v. United States Secret Serv.*, 572 F.3d 962,

18  967 n.4 (9th Cir. 2009); *see also Gibson v. United States*, 781 F.2d 1334 (9th Cir. 1986),

19  as Mr. Ralls appears to assert here.  Nonetheless, under *Bivens*, Mr. Ralls "must allege:

20  (1) that a right secured by the Constitution of the United States was violated, and (2) that

21  _____

22         [5] Under *Bivens*, claims against federal agencies or against federal officers acting in their
official capacities are not cognizable.  *Id.* at 1193.

1  the violation was committed by a federal actor." *Comm. for Immigration Rights of*

2  *Sonoma Cty.*, 644 F. Supp. 2d at 1193.  Mr. Ralls has not named a federal actor in this

3  case or alleged any facts showing how a federal actor caused him harm.  (*See* FAC.)

4  Accordingly, the court does not have jurisdiction over Mr. Ralls's First Amendment

5  claim.

6  　　　　Even if Mr. Ralls had shown a basis for jurisdiction, the court would nevertheless

7  dismiss his complaint because he fails to adequately plead a First Amendment claim.  Mr.

8  Ralls must plead "factual content that allows the court to draw the reasonable inference

9  that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

10  678 (2009).  Mr. Ralls alleges only that "my government is actively instructing Facebook

11  to violate my rights" and that he "would also like to know if my government is having

12  Facebook track me as a terrorist for no good reason."  (FAC at 3.)  Immediately

13  following these allegations, Mr. Ralls cites the First Amendment, but does not address

14  how the alleged harm relates to this constitutional provision, if at all.  (*See id.*)

15  Therefore, Mr. Ralls has not sufficiently pled "factual content" that would permit the

16  court to "draw the reasonable inference" that the Government is liable for these acts, even

17  if the acts Mr. Ralls complains of constitute viable claims under the First Amendment.

18  *See Iqbal*, 556 U.S. at 678.

19  　　　　In addition, "causes of action based on the Ninth Amendment . . . do not constitute

20  legal claims because the Ninth Amendment has never been recognized as independently

21  securing any constitutional rights cognizable in civil rights litigation." *Jamali v. Low*,

22  2015 WL 6125885, at *3 (D. Ariz. Apr. 10, 2015) (citing *Strandberg v. City of Helena*,

ORDER- 11

791 F.2d 744, 748 (9th Cir. 1986) ("[T]he [N]inth [A]mendment has never been

recognized as independently securing any constitutional right, for purposes of pursuing a

civil rights claim.")).  Accordingly, Mr. Ralls's complaint fails to state a claim under the

Ninth Amendment.

**C.    Leave to Amend**

Leave to amend is mandatory for *pro se* plaintiffs unless it is absolutely clear that

amendment could not cure the defects in the complaint.  *Lucas v. Dep't of Corr.*, 66 F.3d

245, 248 (9th Cir. 1995) (per curiam).  However, a district court may deny amendment

where amendment would be futile.  *See Garmon v. Cty. of L.A.*, 828 F.3d 837, 842 (9th

Cir. 2016) (noting that a district court may deny leave to amend when "amendment

would be futile or the plaintiff has failed to cure the complaint's deficiencies despite

repeated opportunities"); *Novak v. United States*, 795 F.3d 1012, 1021 (9th Cir. 2015)

("Futility alone can justify a court's refusal to grant leave to amend.").  A proposed

amendment is futile "if no set of facts can be proved under the amendment to the

pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-*

*Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Based on the foregoing, the court determines that any further amendment of Mr.

Ralls's complaint as to his Ninth Amendment claim against the Government would be

futile because "causes of action based on the Ninth Amendment . . . do not constitute

legal claims . . . ." *Jamali*, 2015 WL 6125885, at *3.  Accordingly, the court dismisses

Mr. Ralls's Ninth Amendment claim with prejudice.

*//*

1    However, the court cannot at this time determine whether further amendment of

2    Mr. Ralls's complaint would be futile as to his First Amendment claim against the

3    Government or as to showing personal jurisdiction over Defendants.[6]   Therefore,

4    although the court dismisses Mr. Ralls's complaint, it does so with leave to amend on

5    these two issues.  In his amended complaint, Mr. Ralls should (1) correct the deficiencies

6    the court has identified with regard to Mr. Ralls's First Amendment claim against the

7    Government, and (2) allege facts that sufficiently demonstrate that Defendants' contacts

8    with Washington are sufficient for the court to exercise personal jurisdiction.

9    Mr. Ralls must file his amended complaint no later than 20 days of the date of this

10   order.  If Mr. Ralls does not timely comply with this order or if his amended complaint

11   fails to allege sufficient contacts to support the exercise of personal jurisdiction over

12   Defendants, sufficient facts to support the exercise of jurisdiction over a First

13   Amendment claim against the Government, or sufficient facts to support a First

14   Amendment claim against the Government for which relief may be granted, the court will

15   dismiss his claims with prejudice.

16   //

17   //

18

19   [6] The court also notes that there is no indication that Mr. Ralls has served the
20   Government with a copy of the summons and complaint pursuant to Federal Rule of Civil
     Procedure 4.  (*See* Dkt.); Fed. R. Civ. P. 4(c) (addressing service in general), (i) (addressing
     service of a Government official), (m) (addressing time for service).  "If a defendant is not
21   served within 90 days after the complaint is filed, the court—on motion or on its own after notice
     to the plaintiff—must dismiss the action without prejudice . . . ."  Fed. R. Civ. P. 4(m).  The
22   court therefore notifies Mr. Ralls that his failure to serve the Government is an independent
     ground upon which the court may dismiss his case without prejudice.

ORDER- 13

1

### IV.   CONCLUSION

2      Based on the foregoing analysis, the court GRANTS Defendants' motion to

3   dismiss for lack of personal jurisdiction (Dkt. # 30) and DISMISSES Mr. Ralls's first

4   amended complaint as to Defendants without prejudice.  The court further DISMISSES

5   Mr. Ralls's Ninth Amendment claim against the Government with prejudice and

6   DISMISSES Mr. Ralls's First Amendment claim against the Government without

7   prejudice.  The court ORDERS Mr. Ralls to file an amended complaint that conforms to

8   the strictures detailed in this order within 20 days of the date of this order or the court

9   will dismiss this case with prejudice.

10      Dated this 20th day of October, 2016.

11

12

13

JAMES L. ROBART
14
United States District Judge

15

16

17

18

19

20

21

22

ORDER- 14